A. STEIN & CO. v. LIBERTY GARTER MFG. CO. et al.

(District Court, S. D. New York. September 20, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT—PRELIMINARY INJUNCTION.

Where complainant owned a valid trade-mark in the name "Paris" as applied to garters, and there was evidence that defendant's use of the word "French" in the same connection produced confusion among retail purchasers, and also that defendant's connection with the defendant in a prior suit relating to similar alleged infringement was such that it might have had the question as to confusion of goods and as to similarity of names settled in that suit, complainant was entitled to a preliminary injunction restraining defendant's use of the word "French" as applied to garters in competition with plaintiff's trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

In Equity. Suit by A. Stein & Co. against the Liberty Garter Manufacturing Company and others. On motion for preliminary injunction. Granted.

Philipp, Sawyer, Rice & Kennedy, for complainant.
Abr. A. Silberberg, for defendants.

LACOMBE, Circuit Judge. The facts upon which complainant charges infringement of its trade-mark and unfair competition are substantially the same as those shown in the former suit of the same complainant against Louis Grosner. When application was made in that suit for a preliminary injunction, the court was inclined to the opinion that, although the word "French" looked very much unlike the word "Paris," the use of the former as a brand for garters might very easily result in confusing the goods sold under that brand with those manufactured by complainant and sold to purchasing users as "Paris" garters. This impression was strengthened by the many similarities in the dress of the goods of both parties as packed for sale. Some of these similarities were no doubt the natural result of packing such goods conveniently for market, but there were (and are) others which apparently have been adopted, not from any necessity or mere convenience, but solely to imitate peculiarities of complainant's packing. Nevertheless it seemed wiser to postpone decision of the question till final hearing in order that such testimony as complainant offered touching such confusion might be submitted to the test of cross-examination.

After the complainant's record in that case was complete, defendant Grosner offered no testimony, and judgment against him was entered by default. The record now submitted seems quite clearly to indicate that the relations between the defendant in the former suit (Grosner) and defendants here, who since 1909 have (individually or through corporations which they control) been making and selling these "French" garters, were such that the latter could, if they so wished, have had all question as to confusion of goods through similarity of names settled in the former suit. There is no reason, therefore, for again postponing the decision of the question till final hearing. Complainant has shown its ownership of a valid trade-mark in the word "Paris" as applied to garters, and there is evidence showing that the use of the word "French" in the same connection does produce confusion among retail purchasers. Especially persuasive is the affidavit of Frank in rebuttal showing instances where defective "French" garters have been returned by retailers to the manufacturer of "Paris" garters, presumably under the impression that the two names referred to the same goods. Complainant may therefore take an order for preliminary injunction against the word "French" as a brand for garters. The operation of the injunction will be suspended for 30 days in order to give opportunity to make the necessary changes in labels and advertisements.